**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SHANE RODRIGUEZ,**

       **Plaintiff,**

**vs.**                                  **Case No.: 8:12-CV-1592-T-33EAJ**

**CAROLYN W. COLVIN
Commissioner of Social
Security Administration,[1]**

       **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

      Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

      After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned recommends that the Commissioner's decision be affirmed and this case dismissed.[2]

      In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1]  The current acting Commissioner of Social Security, Carolyn W. Colvin, is substituted for Michael J. Astrue, former Commissioner of Social Security.  See Fed. R. Civ. P. 25(d).

[2]  The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

applicable legal standards.  See 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On March 17, 2010, Plaintiff filed an application for DIB and SSI, alleging disability beginning June 1, 2005. (T 138, 145)  Plaintiff's application was denied initially and upon reconsideration, and an administrative hearing was held on June 29, 2011. (T 35, 74, 90) Forty-three years old at the time of the hearing, Plaintiff has a high school equivalent education and past relevant work experience as a construction laborer, material handler, mechanic, assistant auto service manager, and auto service writer.  (T 27, 37)

On August 25, 2011, an ALJ denied Plaintiff's application.  (T 29)   Although Plaintiff's chronic obstructive pulmonary disease ("COPD") was a severe impairment, his impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1.  (T 11)  Despite his impairments, Plaintiff was determined to have a residual functional capacity ("RFC") for medium work, but must avoid poorly ventilated areas and concentrated exposure to

extreme dust, smoke, and gases and was limited to frequent climbing of ramps and stairs. (T 24)

Although Plaintiff was unable to perform any past relevant work, the ALJ found Plaintiff capable of performing jobs available in significant numbers in the national economy, such as a dining room attendant, dishwasher, and kitchen helper. (T 28-29)  Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period.  (T 29)  On June 12, 2012, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (T 1)

Plaintiff submits that the ALJ erred in: (1) determining Plaintiff's severe impairments; (2) assessing the medical opinion evidence; (3) evaluating Plaintiff's credibility; and (4) formulating the RFC assessment.[3]  The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## Analysis

### I.    Severe Impairments

Plaintiff argues that the ALJ failed to find that Plaintiff had the severe impairments of generalized peripheral neuropathy, Munchausen's syndrome,[4] low back pain, degenerative disc

---

[3]  The seven issues identified by Plaintiff are combined into four issues and addressed in the sequential review process for disability claims, not the order presented in Plaintiff's memorandum of law.

[4]  Munchausen's syndrome is "a condition characterized by habitual presentation for hospital treatment of an apparent acute illness, the patient giving a plausible and dramatic history, all of which is false." Dorland's Illustrated Med. Dictionary 1295 (26th ed. 1985).

disease of the cervical and lumbar spines, intermittent claudication,[5] and cough syncope.[6]

To be considered disabled, a claimant must have a severe impairment.   20 C.F.R. § 404.1520(c) (2010).  A severe impairment is one that significantly limits the claimant's ability to perform basic work activities.  Id.  Basic work activities are those abilities and aptitudes necessary to do most jobs; for example, the ability to walk, stand, sit, lift, and carry out simple instructions. 20 C.F.R. § 404.1521(b) (2010).  An impairment can be considered as not severe only if it is "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam).  An ALJ's conclusion that an impairment is not severe must be supported by substantial evidence.  Id. at 921.  The severity of an impairment must be measured "in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

Plaintiff contends that generalized peripheral neuropathy and intermittent claudication affects his fine and gross manipulation requiring elevation of the legs; Munchausen's syndrome causes a marked limitation on his ability to interact with other individuals and maintain a schedule or show up to work; and cough syncope causes him to be off-task ten percent or more of the time.[7]

---

[5]  Intermittent claudication is "a complex of symptoms characterized by absence of pain or discomfort in a limb when at rest, the commencement of pain, tension, and weakness, after walking is begun, intensification of the condition until walking becomes impossible, and the disappearance of the symptoms after a period of rest." Dorland's, supra, at 276.

[6] Cough syncope is "a temporary suspension of consciousness due to generalized cerebral ischemia" pertaining to or due to a cough. Dorland's, supra, at 1287.

[7]  Plaintiff concedes that a finding of severe low back pain or degenerative disc disease, without more, would probably not lead to a finding of disability.

Although Plaintiff suffered from mild scoliosis within his thoracic and lumbar spine, the ALJ found the alleged back pain due to that condition had such a minimal effect on Plaintiff that it was not expected to interfere with his ability to work. (T 20, 304, 335, 478)  The ALJ noted the findings of William C. Hulley, D.O. ("Dr. Hulley"), a neurologist, from November 16, 2009 that Plaintiff had a negative Romberg test, a negative straight leg raise test to ninety degrees, a normal gait, and no motor weakness or abnormal movements. (T 20, 308-09)  A magnetic resonance imaging ("MRI") on January 20, 2010 revealed only mild thoracic and lumbar scoliosis and a normal cervical spine. (T 21, 334-35, 337)  Cal Graves, PA ("Physician's Assistant Graves") at Pinellas County Health Department ("PCHD") on October 29, 2009 found that Plaintiff experienced pain with a decreased range of motion and forward flexion and a positive straight leg raise test at thirty to forty degrees, but the ALJ concluded that these findings were isolated and not persuasive as Physician's Assistant Graves noted negative straight leg raise tests on December 3, 2009 and January 28, 2010. (T 21-22, 392, 395, 399)

Regarding Plaintiff's alleged cough syncope, Physician's Assistant Graves diagnosed syncopal episodes on October 29, 2009.  (T 392-93)  On January 27, 2010 and January 19, 2011, Dr. Hulley diagnosed cough syncope, but questioned whether Plaintiff had this condition, stating that Plaintiff's "symptoms [are] out of proportion to findings." (T 467-68)

At PCHD on October 21, 2010, Festus A. Agyekum ("Agyekum")[8] diagnosed Plaintiff with intermittent claudication. (T 478)  However, PCHD treatment notes from Agyekum on August 13, 2010 and John Kauzlarich[9] on April 27, 2011 reveal that Plaintiff had a normal gait without a limp.

---

[8] The medical records do not indicate any credentials for Festus A. Agyekum.

[9]  The medical records do not indicate any credentials for John Kauzlarich. The ALJ refers to Kauzlarich as a physician. (T 21)

(T 470, 480)  Dr. Hulley found on November 16, 2009 that Plaintiff had a normal gait, and physical and psychological consultative exams on May 3, 2010 also show that Plaintiff had a normal gait with no assistive device. (T 309, 342, 350)

Dr. Hulley diagnosed "generalized peripheral neuropathy etiology not clear" on  March 30, 2011, but he never discussed this diagnosis with Plaintiff.  (T 52, 466) On December 9, 2009, a computed tomography ("CT") scan of Plaintiff's brain was normal. (T 305)

On November 16, 2009, Dr. Hulley stated that Plaintiff most likely had Munchausen's syndrome. (T 21, 309) The ALJ observed that the diagnosis of Munchausen's syndrome, along with the other evidence of record, suggested that Plaintiff sought medical attention to generate evidence for his appeal and was not fully credible. (T 21)

Although physicians diagnosed Plaintiff with generalized peripheral neuropathy, Munchausen's syndrome, low back pain, intermittent claudication, degenerative disc disease of the cervical and lumbar spines, and cough syncope, a diagnosis alone is insufficient to establish that an impairment is severe. See Sellers v. Barnhart, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002). Plaintiff fails to cite any persuasive evidence that these impairments, alone or in combination with other impairments, limited his ability to perform basic work activities.  Substantial evidence supports the ALJ's finding that none of these impairments met the standard for a severe impairment under the Act.

## II       Medical Opinion Evidence

Plaintiff contends that the ALJ failed to evaluate and assign weight to the opinions of Dr. Hulley and the physicians at PCHD who diagnosed back pain, cervical pain, generalized peripheral neuropathy, and cough syncope. Regarding consultative examiner Robert Shefsky, M.D. ("Dr. Shefsky"), Plaintiff asserts that the ALJ failed to assign weight to Dr. Shefsky's opinion and erred

in finding that Dr. Shefsky was of the opinion that Plaintiff did not have any functional limitations because he did not impose any restrictions on Plaintiff's ability to work.

The ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefore. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam) (citation omitted). Specifically, whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011).

Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject those opinions. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982) (citation omitted). "Good cause" exists when (1) the treating physician's opinion is not bolstered by the evidence, (2) the evidence supports a contrary finding, or (3) the treating physician's opinion is conclusory or inconsistent with the doctor's own medical records. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citation omitted). Rejection of a treating physician's opinion must be supported by clearly articulated reasons. Id. at 1241. A one-time examiner's opinion does not require the same type of deference as a treating physician's opinion. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Additionally, the opinion of a one-time examiner is "not entitled to great weight." Crawford, 363 F.3d at 1160 (citation omitted).

Dr. Shefsky found on May 3, 2010 that Plaintiff was in no acute distress, had a normal gait, a full squat, a normal stance, and did not need help changing for his exam or getting off the exam table. (T 342)  Although Plaintiff could not walk on his heels and toes, Dr. Shefsky observed that

he had full strength in the extremities; full range of motion in the shoulders, elbows, forearms, wrists, hips, knees, and ankles; no redness, heat, swelling, or effusion; and full flexion of his cervical and lumbar spines. (T 342-43)  Plaintiff's chest and lungs were benign with some expiratory wheezing. (T 26, 342)  Dr. Shefsky diagnosed lower back pain and COPD, knee pain, shoulder pain, alcoholism, high blood pressure, and seizure disorder by history. (T 26, 343)  He identified no work-related limitations. (T 342-43)

Reviewing Physician's Assistant Graves' October 29, 2009 findings that Plaintiff experienced pain with a decreased range of motion and forward flexion and a positive straight leg raise test, the ALJ concluded that these findings were isolated and not persuasive,  as the remaining records from Plaintiff's other visits to Physician's Assistant Graves indicated negative straight leg raise tests. (T 21-22, 392, 395, 399)  Additionally, after the results of Plaintiff's examination did not match his complaints on April 27, 2011, the ALJ observed that Kauzlarich noted "must consider malingering." (T 21, 470)  Further, Kauzlarich found only minimal paravertebral muscular tightness in the lumbar spine and near normal range of motion with "less than full effort" by Plaintiff.  (Id.)

The ALJ discussed Dr. Hulley's findings from November 2009 to January 2010 that Plaintiff had a negative Romberg test, a negative straight leg raise test to ninety degrees, a normal gait, and no motor weakness or abnormal movements, and Munchausen's syndrome. (T 20, 308-09)  Finding that the objective medical evidence corroborated Dr. Hulley's clinical findings, the ALJ cited the January 20, 2010 MRIs revealing only mild thoracic and lumbar scoliosis and a normal cervical spine. (T 21, 334-35, 337)  Because Dr. Shefsky did not assess any functional limitations, the ALJ inferred that Dr. Shefsky did not believe any restrictions were warranted by his findings. (T 26)  The ALJ noted that no treating or examining physicians opined that Plaintiff was disabled or had limitations greater than those in the RFC assessment.  (Id.)

The ALJ did not reversibly err in not assigning weight to Dr. Shefsky's diagnosis of low back pain or other examination findings.  A mere diagnosis of low back pain is not a statement reflecting a judgment about the nature and severity of impairments requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  See Winschel, 631 F.3d at 1178-79. Dr. Shefsky did not impose any limitations on Plaintiff's ability to work, but observed that Plaintiff had: full strength in the extremities; full range of motion in the shoulders, elbows, forearms, wrists, hips, knees, and ankles; no redness, heat, swelling, or effusion; full flexion of his cervical and lumbar spines; and normal chest and lungs with some expiratory wheezing. (T 26, 342-43)

Dr. Shefsky's findings did not contradict the ALJ's conclusion that Plaintiff could perform medium work, but must avoid poorly ventilated areas and concentrated exposure to extreme dust, smoke, and gases and was limited to frequent climbing of ramps and stairs. (T 24)  Morever, Dr. Shefsky's assessment did not affect Plaintiff's ability to perform work as a dining room attendant, dishwasher, and kitchen helper, which the ALJ found that Plaintiff could perform based on VE testimony. (T 28-29)

Additionally, as a one-time examiner, Dr. Shefsky's opinion did not require the same type of deference as a treating physician's opinion, see McSwain, 814 F.2d at 619, and was not entitled to great weight. See Crawford, 363 F.3d at 1160.  Any error of the ALJ in assuming that Dr. Shefsky believed that Plaintiff had no limitations does not warrant remand, as substantial evidence otherwise supports the ALJ's decision.  See Caldwell v. Barnhart, 261 F. App'x 188, 191 (11th Cir. 2008) (holding ALJ's failure to assign weight to examining physician's opinion was harmless because the opinion did not contradict the ALJ's findings);[10] Diorio v. Heckler, 721 F.2d726, 728 (11th Cir.

---

[10]     Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36–2.

1983).

Nor did the ALJ reversibly err in not assigning weight to Dr. Hulley's and the PCHD health care providers' treatment notes reflecting diagnoses of back pain, cervical pain, generalized peripheral neuropathy, and cough syncope.   As pointed out by the Commissioner, Dr. Hulley and the PCHD health care providers did not provide any opinions as to Plaintiff's functional limitations or statements reflecting judgments about the nature and severity of his impairments requiring the ALJ to state with particularity the weight given to that opinion. See Winschel, 631 F.3d at 1178-79. The ALJ adequately discussed these medical records.   As observed by the ALJ, no treating or examining physicians opined that Plaintiff was disabled or had limitations greater than those in the RFC assessment. Accordingly, these issues do no warrant remand.

## III.   Plaintiff's Credibility

Asserting that the ALJ erred in evaluating Plaintiff's subjective complaints of pain and other symptoms, Plaintiff contends that the ALJ improperly relied on his ability to perform household chores, such as cleaning and sweeping, as participation in everyday activities of short duration does not disqualify a claimant from disability benefits.   Plaintiff also submits that the ALJ improperly relied on his continued smoking despite his physician's recommendations to stop, as no evidence exists that compliance would restore his ability to work.

The Eleventh Circuit has established a three-part "pain standard" to use when a claimant attempts to establish disability through testimony of pain or other subjective symptoms.   Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam).  A plaintiff must show: (1) objective medical evidence of an underlying medical condition; and either (2) the objective medical evidence substantiates the severity of the pain from the condition; or (3) the objectively determined medical condition is of sufficient severity that it would be reasonably expected to produce the pain alleged.

Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam).

Where an ALJ declines to credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam). A clearly articulated credibility finding that is substantially supported by the record will not be overturned. Id. at 1562 (citation omitted). A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Id. (citation omitted).

Alleging an inability to work due to lower back pain radiating into his shoulder, scoliosis, COPD, and memory and concentration problems, Plaintiff testified that he can sit or stand for only twenty minutes, walk only two blocks, and lift fifteen to twenty pounds. (T 20, 25, 40-41, 42-43, 47) He takes Vicodin and Ibuprofen three times per day. (T 20, 42) Plaintiff smokes five to ten cigarettes per day and receives beer from friends and neighbors. (T 48-50) He washes a small number of dishes at a time, sweeps, cooks simple meals, and showers and dresses without assistance. (T 39-40, 342)

While Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms not credible to the extent they were inconsistent with the RFC assessment. (T 25) In support of this assessment, the ALJ cited inconsistencies in Plaintiff's testimony and the record, medical evidence, his appearance and demeanor at the hearing, his daily living activities, and his continued smoking. (T 25-26) Although Plaintiff alleged that the heat exacerbated his COPD, Plaintiff sat in the sun during the day, and no treating physician assessed any heat-related limitations. (T 25, 48-49) He reported washing dishes, sweeping, cooking simple meals, and independence in personal care and dressing. (T 25-26, 39-40, 342) Despite

physicians' recommendations to stop smoking, he continued to smoke at least a pack of cigarettes per day. (T 26, 48, 326, 342, 388, 473-74, 476, 478, 480)

Observing that Plaintiff portrayed no evidence of pain or discomfort while testifying, the ALJ noted that this strongly suggested that he does not suffer from disabling back pain. (T 20) Plaintiff testified that he can only sit for twenty minutes at a time, but he remained seated at the hearing for approximately forty-five minutes without significant difficulty. (Id.)  He had normal posture, motor behavior, and gait without an assistive device, although he walked out of the hearing with a slight limp. (Id.)  As Plaintiff's routine and conservative chiropractic treatment for his back pain effectively alleviated his symptoms, the ALJ found Plaintiff's complaints of back pain not fully credible based on the medical evidence of record, objective imaging, and Plaintiff's inconsistent statements.[11] (T 20-21, 313-14, 317-18, 323-24)

While the ability to engage in everyday activities of short duration such as housework or fishing does not disqualify a claimant from receiving disability benefits, see Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997), the Commissioner may properly rely on a claimant's daily activities, among other evidence, in evaluating a claimant's credibility.  Hoffman v. Astrue, 259 F. App'x 213, 219 (11th Cir. 2007) (per curiam) (unpublished).  In fact, when evaluating a claim based on subjective symptoms, the ALJ should consider medical findings, a claimant's statements, statements by the treating sources, and evidence of how the pain affects the claimant's daily activities and ability to work.  20 C.F.R. § 416.929(a) (2011).  Here, the ALJ properly relied on Plaintiff's daily activities, among other evidence, in assessing his credibility.

Nor did the ALJ err in reasoning that Plaintiff's continued smoking was inconsistent with

---

[11] See Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that the ALJ properly noted claimant's conservative treatment as evidence to discredit his subjective complaints).

the severe limitations alleged as a result of breathing problems.  An ALJ may not deny benefits on the basis of noncompliance with treatment unless it is shown that compliance would have restored the claimant's ability to work, and the ALJ considers the effects of known health problems for the alleged noncompliance.  Lucas v. Sullivan, 918 F.2d 1567, 1571-73 (11th Cir. 1990).  Here, the ALJ did not deny benefits on the basis of Plaintiff's noncompliance, but properly considered Plaintiff's continued smoking, among other evidence, in discrediting Plaintiff's complaints.  See Holley v. Chater, 931 F. Supp. 840, 847-48 (S.D. Fla. 1996).

The ALJ also properly considered the claimant's appearance and demeanor during the hearing, among other criteria, in determining Plaintiff's credibility.  See Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985).

As there was substantial evidence to support the ALJ's credibility determination, Plaintiff is not entitled to relief on this issue.  See Allen v. Sullivan, 880 F.2d 1200, 1202-03 (11th Cir. 1989) (per curiam).

## IV.    RFC Assessment

Plaintiff contends that the ALJ erred in relying solely on a non-examining physician's opinion in determining Plaintiff's RFC.

The ALJ ultimately is responsible for determining a claimant's RFC, which is based on all relevant evidence of a claimant's ability to do work despite his impairments.  20 C.F.R. §§ 404.1545(a), 416.927(d)(2) (2012).  In assessing the medical evidence in a disability case, the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician.  Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) (citation omitted).  The opinion of a non-examining, reviewing physician standing alone does not constitute substantial evidence.  Sharfarz, 825 F.2d at 280 (citation omitted).  However, it is not

13

improper for an ALJ to consider the reports of consulting physicians, as long as the opinion of the treating physician is accorded proper weight. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam).   If the ALJ articulates good cause for discrediting the treating and examining physicians' opinions, an ALJ is entitled to rely on a non-examining physician's opinion when it is consistent with the medical record and the treating and examining physicians' underlying clinical findings. Flowers v. Comm'r of Soc. Sec., 441 F. App'x 735, 742-43 11th Cir. 2011) (per curiam) (unpublished). The absence of a treating or examining physician's opinion does not necessarily preclude the ALJ from making a proper RFC determination.  See Green v. Soc. Sec. Admin., 223 F. App'x 915, 923-24 (11th Cir. 2007) (unpublished).

On August 12, 2010, non-examining physician Minal Krishnamurthy, M.D. ("Dr. Krishnamurthy") opined that Plaintiff could lift fifty pounds occasionally, twenty-five pounds frequently, stand and walk for six hours and sit for six hours in an eight-hour workday, and had no push and pull limitations, but must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation due to his COPD. (T 26, 440, 443, 446)  Although Plaintiff had a history of back pain, Dr. Krishnamurthy noted that he had no specific injuries and no related surgeries, an x-ray of the cervical spine revealed no limitations, and an x-ray of the lumbar spine showed mild scoliosis, but otherwise no limitations. (T 440)  As for his COPD, pulmonary function tests on April 14, 2010 revealed non-listing FVC and FEV1 levels, Plaintiff took Advair, Albuterol, and Qvar, and he continued to smoke. (Id.)  Plaintiff's high blood pressure was well-controlled by medication. (Id.) Dr. Krishnamurthy reviewed Dr. Shefsky's examination findings that Plaintiff's lungs revealed some expiratory wheezes, but also noted that Plaintiff had a normal AP diameter, he was in no acute distress, could walk on his heels and toes, and had a normal gait, no neurological deficits, and a normal grip and dexterity bilaterally. (T 441)

14

Finding Dr. Krishnamurthy's assessment substantiated by the medical evidence, the ALJ determined that this opinion was persuasive and assigned it great weight. (T 26-27) After reviewing Dr. Shefsky's findings and observing that the objective medical evidence corroborated Dr. Hulley's clinical findings, the ALJ stated that no treating or examining physicians opined that Plaintiff was disabled or had limitations greater than those in the RFC assessment. (T 21, 26)  The ALJ concluded that Plaintiff could perform medium work, but must avoid poorly ventilated areas and concentrated exposure to extreme dust, smoke, and gases and was limited to frequent climbing of ramps and stairs. (T 24)

Contrary to Plaintiff's contention, the ALJ did not rely solely on the opinion of non-examiner Dr. Krishnamurthy in reaching his decision, but further limited Plaintiff to frequent climbing of ramps and stairs.  Plaintiff cites Swindle v. Sullivan for the proposition that a non-examining physician's opinion is entitled to "little weight and taken alone does not constitute substantial evidence to support an administrative decision." 914 F.2d 222, 226 n.3 (11th Cir. 1990).  Swindle is distinguishable because the ALJ's RFC findings in that case mirrored the conclusions reached by the non-examining physician.  See id.  Here, the ALJ's RFC assessment is more restrictive than the non-examiner's findings.

In any event, as Dr. Krishnamurthy's opinions supported the ALJ's RFC assessment and were not inconsistent with any examining or treating physician's progress notes or findings, the ALJ properly relied on his opinions.  See Flowers, 441 F. App'x at 740 (finding that an ALJ may rely on the opinions of non-examining physicians when not contradicted by examining physician's findings). The ALJ noted that no treating or examining physician imposed any limitations on Plaintiff's ability to work to show that no medical source gave a conflicting statement as to Plaintiff's RFC.  The absence of a treating or examining physician's opinion did not preclude the

ALJ from making a proper RFC determination. <u>See</u> <u>Green</u>, 223 F. App'x at 923-24 (finding that the ALJ's RFC determination based on remaining evidence did not constitute reversible error following the ALJ's decision to discredit the only physician's opinion on the plaintiff's ability to work as inconsistent with the objective medical evidence). Substantial evidence supports the ALJ's RFC assessment. Accordingly, the ALJ did not err in crediting Dr. Krishnamurthy's opinion.

<u>Conclusion</u>

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner should therefore be affirmed.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     The decision of the Commissioner be **AFFIRMED** and the case **DISMISSED**, with each party to bear its own costs and expenses; and

(2)     The Clerk of Court enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**Date: August 2, 2013**

ELIZABETH A JENKINS
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of this service shall bar an aggrieved party

from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1).